UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| KLARA BESS, | Case No. |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| DEPUTY JEREMY FOY, #2279, DEPUTY CHIRICO, #1887, | Re: Dkt. No. 33 |
| Defendants. | |

Plaintiff Klara Bess, proceeding pro se, filed her initial complaint in this action on April 15, 2019, asserting Constitutional, statutory and common law claims arising out of her arrest on December 17, 2017. Original Complaint, Dkt. No. 1. Ms. Bess filed a Corrected First Amended Complaint ("FAC") on October 8, 2019 and the next day, the Court ruled that filing to be the operative complaint. Dkt. Nos. 29, 30.

Defendants Deputy Jeremy Foy and Deputy Steven Chirico (collectively "Defendants") now move to dismiss the third, fourth, and fifth causes of action in the FAC for failure to timely present a claim in accordance with the California Tort Claims Act ("CTCA"), pursuant to Federal Rule of Civil Procedure 12(b) and California Government Code §§ 905, 945.4, 945.3, and 950.2. The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Defendants' motion is **GRANTED**.

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

### I. Background[1]

On December 19, 2017 at approximately 4:55pm, Ms. Bess was pulled over by Deputy Foy on Winchester Boulevard and Kennedy Avenue in Campbell, California. FAC ¶ 1. Deputy Foy told Ms. Bess that he had pulled her over for making an illegal U-turn. *Ibid.* Deputy Foy went back to his squad car, then returned to the passenger side of Ms. Bess's car with a ticket citing Ms. Bess for an illegal U-turn, tint on windows, "not obeying signs" and "not obeying law." *Ibid.*

Upon receiving the ticket, Ms. Bess requested to speak to Deputy Foy's supervisor. *Id.* at ¶ 2. Deputy Foy stated, "I'm just going to arrest you," then grabbed Ms. Bess by her right arm and attempted to pull her out of the passenger side of the car. *Ibid.* Deputy Foy released Ms. Bess and walked around to the driver's side of the car. *Id.* at ¶ 3. Ms. Bess started to get out of the car, but Deputy Foy grabbed her and threw her onto the pavement. *Ibid.* Ms. Bess grabbed her phone, which had fallen to the ground, and attempted to dial 911. Deputy Foy grabbed the phone and slammed it onto the pavement, breaking it. *Ibid.* Deputy Foy cuffed Ms. Bess, punched her, and kneeing her in the back. *Ibid.* He grabbed her by her hair and hit her head into the pavement, while yelling at her to stop resisting. *Ibid.* Ms. Bess yelled back at Deputy Foy, saying that she was not resisting. *Id.* at ¶ 4. She yelled that he was attacking her because of the color of her skin and accused him of being a member of the KKK. *Ibid.* Deputy Foy then roughly placed Ms. Bess in the front seat of the squad car, using his feet to push her inside. *Id.* at ¶ 6. During this process, Ms. Bess accidentally kicked Deputy Foy in the stomach. *Ibid.*

Ms. Bess began complaining that her jaw and foot hurt, and Deputy Foy called for emergency help. *Ibid.* A few minutes later, 5 officers, including Deputy Chirico, arrived on the scene. *Ibid.* Deputy Chirico and Deputy Foy began discussing the incident. *Ibid.* Ms. Bess asked whether they could loosen her cuffs, but neither responded. *Ibid.* An EMT team arrived and began asking Ms. Bess about her wounds. *Ibid.* Ms. Bess began telling the EMT that Deputy Foy

---

[1] The background provided is a summary of the facts as alleged in the FAC.

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

slammed her to the ground, but Deputy Chirico cut her off and told her not to say another word. *Ibid.* He then roughly put Ms. Bess in the back of the squad car. *Ibid.* Shortly thereafter, Supervisor Quintana, whose full name is not alleged, arrived and told an EMT to examine Ms. Bess. *Id.* at ¶ 7. Ms. Bess told Supervisor Quintana that she was assaulted and he told her he would review the video from the dash camera within 48 hours. *Ibid.* A female officer drove Ms. Bess to the County office where she took pictures of Ms. Bess's wounds and a nurse provided Ms. Bess with basic treatment. *Ibid.*

Ms. Bess later went to the emergency room where she was treated for injuries to her forehead, jaw, foot and left elbow. *Id.* at ¶ 8. She also experienced mental and emotional distress, including Post Traumatic Stress Disorder, following the incident. *Ibid.* After the incident, Ms. Bess alleges that she went to the Sheriff's office "almost daily" to report the incident, have more pictures taken and to acquire a copy of the police report. *Id.* at ¶ 18. She states that she did not know the Defendants' positions and that no one at the Sheriff's office would tell her. *Ibid.* She further alleges that the "clerk" refused to accept her complaint, "even at the department where complaints are filed." *Ibid.* The clerk told Ms. Bess that she could not file a tort complaint with the Sheriff's office until the criminal proceedings against her had concluded. *Ibid.*

Ms. Bess filed a claim with the County of Santa Clara (the "County") on November 8, 2018, approximately eleven months after the traffic stop. *Id.* at ¶ 11. The FAC includes a number of allegations regarding circumstances that Ms. Bess believes explain or excuse her delay in filing a claim with the County. *Id.* at ¶¶ 14-21. Ms. Bess had moved to Campbell, California in November 2017, one month before her arrest, after experiencing domestic violence throughout 2015-16. *Id.* at ¶ 14. She was working two jobs at the time. *Id.* at ¶ 15. After the incident, her car was impounded, she lost one of her jobs, and she was forced to battle felony charges of assault arising out of the incident. *Id.* at ¶ 16. She fell into a deep depression and began taking anxiety medication. *Id.* at ¶ 17. Within two weeks of the incident, Ms. Bess reviewed "literature provided in the District Attorney's office about pursuing a claim" and later filed several complaints with various public agencies. *Id.* at ¶ 19. On April 6, 2018, she filed a citizen complaint with the

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

3

1  Campbell Police Department. *Id.* at ¶ 20. On June 14, 2018, she filed a claim against the City of
2  San Jose. *Ibid.* On November 13, 2018, she filed a claim against the Santa Clara Valley
3  Transportation Authority. *Id.* at ¶ 20.

4  Ms. Bess now brings this action against Deputy Foy and Deputy Chirico, both employees
of the County. The FAC asserts claims for excessive force and unlawful seizure/arrest under the
Fourth Amendment, as well as state claims for battery, assault and violation of the Bane Act (Cal.
Civ. Code § 52.1 et seq.). Defendants Foy and Chirico brought this motion to dismiss Ms. Bess's
state claims, arguing that she did not timely present a claim to the County in accordance with the
CTCA. Motion to Dismiss First Amended Complaint ("Motion"), Dkt. No. 33, p. 3. Ms. Bess
opposes the motion.²

**II.     Discussion**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may seek dismissal of a suit for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding whether to grant a motion to dismiss, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

---

² In her opposition to the Motion, Ms. Bess raised additional allegations about her attempts to file a complaint with the County that do not appear in the FAC. Opp., pp. 2-5. While the Court considers Ms. Bess's arguments in opposition, the Court will not consider the new allegations she raises. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("The 'new' allegations contained in the . . . opposition motion . . . are irrelevant for Rule 12(b)(6) purposes.").

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

United States District Court
Northern District of California

"Before a plaintiff can seek money damages from a government entity or its employees on a tort claim, [the CTCA] requires the plaintiff to file an administrative claim form with the relevant government entity no more than six months after the cause of action accrues." *Johnson v. Cty. of Santa Clara*, No. 5:18-CV-06264-EJD, 2020 WL 870933, at *6 (N.D. Cal. Feb. 21, 2020) (citing Cal. Gov't. Code §§ 905, 911.2, 945.4, 950-950). This statute "serves several purposes: (1) to provide the public entity with sufficient information to allow it to make a thorough investigation of the matter; (2) to facilitate settlement of meritorious claims; (3) to enable the public entity to engage in fiscal planning; and (4) to avoid similar liability in the future." *Westcon Constr. Corp. v. Cty. of Sacramento*, 152 Cal. App. 4th 183, 200 (2007). Claims under the Bane Act are subject to the presentment requirement of Section 911.2. *See, e.g.*, *Inman v. Anderson*, 294 F. Supp. 3d 907, 925 (N.D. Cal. 2018).

"Timely claim presentation is not merely a procedural requirement, but is a condition precedent to plaintiff's maintaining an action against defendant, and thus an element of the plaintiff's cause of action." *A.M. v. Ventura Unified Sch. Dist.*, 208 Cal. Rptr. 3d 234, 238 (Cal. Ct. App. 2016), *as modified* (Oct. 19, 2016) (citations, quotations, and alterations omitted). The California Supreme Court has held that "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement" or the complaint will have failed to state a claim. *State of California v. Superior Court*, 32 Cal. 4th 1234, 1243 (2004).

Plaintiff does not contest the fact that she did not timely comply with the claim presentation requirement in the CTCA. Rather, she argues that the County should be equitably estopped from raising the presentation requirement as a defense. FAC ¶¶ 11-12. "It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 744 (2007) (citations and quotations omitted); *see also State of California v. Superior Court,* 32 Cal.4th at 1245 (stating that "a plaintiff may arguably be able to satisfy the claim presentation requirement by alleging an appropriate excuse, such as equitable estoppel"). A party raising equitable estoppel against the government

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

1   must first "establish affirmative misconduct going beyond mere negligence," and "even then,
2   estoppel will only apply where the government's wrongful act will cause a serious injustice, and
3   the public's interest will not suffer undue damage by imposition of the liability." *Watkins v. U.S.*
4   *Army*, 875 F. 2d 699, 707 (9th Cir. 1989) (quotations and citation omitted). "Affirmative
5   misconduct requires an affirmative misrepresentation or affirmative concealment of a material fact
6   by the government . . . although it does not require that the government intend to mislead a party."
7   *Bilbo v. Cty. of Alameda, California*, No. 17-CV-00932-JST, 2017 WL 4024649, at *10 (N.D.
8   Cal. Sept. 13, 2017) (citing *United States v. Ruby Co.*, 588 F. 2d 697, 703-04 (9th Cir. 1978), cert.
9   denied, 442 U.S. 917 (1979).

Here, Ms. Bess argues that the Defendants should be estopped from asserting the claim presentation requirement because; (1) someone at the County refused to accept her complaint and told her that she could not file a claim until after her criminal proceedings concluded (FAC ¶ 18); (2) she filed complaints in numerous local government entities in the absence of accurate information and in an attempt to preserve her claim (*Id.* at ¶ 20); and (3) circumstances in her life after the incident made it difficult for her to file a claim (*Id.* at ¶¶ 14-21).

With respect to Ms. Bess's first argument, the Defendants acknowledge that California Government Code § 945.3 forbids individuals charged with crimes from filing civil actions against an involved officer while criminal charges are pending, but argue that it "does not extend the time within which a claim is required to be presented pursuant to Section 911.2." Motion, p. 6 (citing *Ross v. Santa Clara Cnty. Sheriff's Dept.*, No. 14-01770, 2014 WL 6706550, at *12 (N.D. Cal. Nov. 26, 2014)). Thus, they argue that Ms. Bess was required to present her claim to the County within six months of the incident that gives rise to her claim, regardless of her criminal proceedings. While this may be true, it is beside the point. Ms. Bess concedes that she was misinformed about the effect that her criminal proceedings had on her time limits to file a tort complaint. Opp., p. 5. Indeed, her argument is that someone in the "department where complaints are filed" gave her misleading information and that this misleading information prevented or deterred her from filing a complaint. FAC at ¶ 18.

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
6

Nevertheless, the Court finds this allegation alone insufficient to adequately allege that the County affirmatively prevented Ms. Bess from filing a claim. In *Jefferson v. City of Fremont*, the plaintiff alleged that the defendant gave him incorrect information about the claim form he was required to complete, which led him to not fill out the form at all. No. 12-CV-0926-EMC, 2013 WL 1747917, at *10 (N.D. Cal. Apr. 23, 2013). The Court found that there was "insufficient information in the complaint" to support this argument. *Ibid.* Specifically, "[t]here [were] no allegations about what exactly [plaintiff] was told about the claim forms and by whom." *Ibid.* The court, therefore, rejected the plaintiff's equitable estoppel argument and dismissed his state claim for failure to comply with the CTCA. *Ibid.*

Just as in *Jefferson*, Ms. Bess does not allege who she spoke to, what that person said, or even that she was at the right location to file a complaint. The fact that an employee at a County office gave her incorrect information on its own does not establish the "affirmative misconduct going beyond mere negligence," necessary to equitably estop the County from raising the CTCA as a defense. *Cf. John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 446 (1989) (finding allegations of equitable estoppel sufficient where a teacher in the defendant school district threatened to retaliate against plaintiff to prevent plaintiff from disclosing alleged molestation until the time for filing a claim against the district had elapsed). Moreover, the fact that Ms. Bess filed a complaint with the Campbell Police Department in April 2018, within the CTCA's six-month time frame, undercuts her argument that she was truly misled by the incorrect information she received. *See* FAC ¶ 20.

Ms. Bess's second argument focuses on her own actions, rather than the actions of the County. Although the complaints she filed at the Campbell Police Department, the City of San Jose, and the Santa Clara Valley Transportation Authority demonstrate her intent to file a claim, such intent is not sufficient to satisfy the presentation requirement. The complaints Ms. Bess filed at other public agencies do not establish any affirmative act by the County that prevented or deterred her from filing a claim in the correct location. *See Sternberg v. Town of Danville*, No. 15-CV-01878-SI, 2015 WL 9024340, at *8 (N.D. Cal. Dec. 16, 2015) (rejecting plaintiff's equitable

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

7

estoppel argument and dismissing claims for failure to comply with the CTCA where plaintiff filed complaint against Danville instead of the county because defendants had represented themselves to be "Danville police officers" even though they were actually county deputies assigned to Danville).

Similarly, Ms. Bess's third argument focuses on the circumstances in her life that prevented her from filing a timely claim, rather than alleging any affirmative act by the County that prevented her from doing so. Such circumstances cannot serve as the basis for a claim of equitable estoppel against the County. *Martinez v. Scott*, No. 18-CV-8133-PA (PJW), 2019 WL 4391133, at *4 (C.D. Cal. June 12, 2019), report and recommendation adopted, No. 18-CV-08133-PA (PJW), 2019 WL 6825742 (C.D. Cal. Aug. 22, 2019) (rejecting plaintiff's equitable estoppel argument where plaintiff did not comply with relevant exhaustion requirements due to his "psychotherapy, fear of retaliation, and lack of access to the agency's information").

The Court concludes that the allegations in the FAC are insufficient to establish equitable estoppel and that Ms. Bess's state claims must be dismissed for failure to present a timely claim under the CTCA. Ms. Bess included additional allegations in her Opposition that, even if added to the complaint, would not change the Court's analysis. As discussed above, even if she could add allegations demonstrating that the County provided incorrect information, other allegations in the FAC undercut her argument that she was misled by that information. Thus, the Court finds that it would be futile for Ms. Bess to amend her complaint again. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation and internal quotation marks omitted).

### III. Conclusion

Defendants' Motion to Dismiss the First Amended Complaint is **GRANTED**. The third, fourth, and fifth causes of action in the FAC are **DISMISSED with prejudice**. The Court encourages Plaintiff to utilize the free services of the Federal Pro Se Program. The contact

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
8

information for the Program is provided below.

>Kevin Knestrick
>Asian Law Alliance
>Federal Pro Se Program
>United States District Court
>280 South 1st Street
>2nd Floor, Room 2070
>San Jose, CA 95113
>Hours: Monday to Thursday 9:00 am – 4:00 pm
>Phone: 408-297-1480
>Email: kknestrick@asianlawalliance.org

**IT IS SO ORDERED.**

Dated: April 30, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-05363-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
9